Amy B. Alderfer (SBN 205482)
aalderfer@cozen.com
COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA  90401
Telephone:  (310) 393-4000
Facsimile:  (310) 394-4700

Brett N. Taylor (SBN 274400)
btaylor@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Defendant
VITAMIN SHOPPE, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMA BELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VITAMIN SHOPPE, INC. a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT VITAMIN SHOPPE, INC.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. § 1332, 1441, 1446, AND 1453] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT AND TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that Defendant Vitamin Shoppe, Inc. ("Defendant" or "Vitamin Shoppe") hereby removes this action filed in the California Superior Court for the County of Los Angeles ("State Court") to the United States District Court for the Central District of California ("District Court") pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  Defendant's removal of this matter is based on the grounds set forth below.

## I. BACKGROUND

1. On January 28, 2019, Plaintiff Ema Bell ("Plaintiff" or "Bell") originally filed a putative class action against Defendant in the Superior Court of the State of California, County of Los Angeles, case number 19STCV02493 against Defendant (the "State Court Action"). A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** to the Declaration of Brett N. Taylor filed concurrently herewith (the "Taylor Declaration").

2. Attached as **Exhibit B** to the Taylor Declaration is a true and correct copy of the docket and all process, pleadings, and orders in the State Court Action, other than the Complaint which is attached as Exhibit A.

3. The State Court Action alleges, *inter alia*, that Defendant made automatic renewal and continuous service offers to California consumers at the time they purchased vitamin and supplement products (the "Offers") from Defendant, and that the Offers allegedly "failed to present the terms of said offers in clear and conspicuous manner" and "failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms" in violation of Cal. Bus. & Prof. Code §§ 17602(a)(1)-(3) and 17602(b). (Ex. A ¶ 2.)

4. The State Court Action sought a class of persons in California only. (Ex. A ¶¶ 1, 22.) Specifically, Plaintiff seeks to represent the following class:

> [A]ll persons within California that, within the applicable statute of limitations period up to and including entry of judgment in this matter, purchased any product or service in response to an offer constituting an 'Automatic Renewal' as defined by § 1601(a) of the ARL from defendant Vitamin Shoppe, its predecessors, or its affiliates, via the website vitaminshoppe.com." (Ex. A ¶ 22.)

5. Plaintiff seeks restitution, injunctive and declaratory relief, costs, and attorney's fees. (Ex. A ¶ 3 and Prayer for Relief ¶¶ A-J.)

6. Plaintiff served the Summons and Complaint for the State Court Action on Vitamin Shoppe on January 31, 2017. (Ex. B.) As this Notice of Removal is filed within 30 days of service of the State Action Complaint on Defendant, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999).

## II. REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

7. The Class Action Fairness Act ("CAFA") applies to civil class actions commenced on or after February 18, 2005. *See* Pub. L. No. 109-2 § 9, 119 Stat. 4, 14 (2005).

8. Under CAFA, this Court has original federal jurisdiction of any class action where the amount in controversy exceeds $5,000,000 exclusive of costs and where any member of a putative class is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2)(A); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276-77 (9th Cir. 2017).

## III. THE COURT HAS SUBJECT MATTER JURISDICITON UNDER CAFA

### A. Diversity of Citizenship Exits.

9. The diversity of citizenship for removal under CAFA is proper when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Thus, in order to satisfy CAFA's diversity requirement, the party seeking removal need only show that minimal diversity exists, that is, one putative class member is a citizen of a different state than one defendant. *Id.*; *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (noting that CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements pursuant to 28 U.S.C. § 1332(d)(2)); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005).

### 1. Plaintiff is a Citizen of California.

10. To establish citizenship for diversity purposes, a natural person must be both (1) a citizen of the United States, and (2) domiciled in the state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A natural person is deemed to be a citizen of the state where he or she is domiciled, which is where he or she resides with the intention to remain." *Zavala v. Deutsche Bank Trust Co. Ams.*, 2013 U.S. Dist. LEXIS 96719 (N.D. Cal. July 10, 2013) (citing *Kantor*, 704 F.2d at 1090 and *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citing *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980)).

11. Plaintiff's Complaint alleges that she "is a citizen of California and is domiciled in Los Angeles, CA." (Exh. A ¶ 12.)

12. Moreover, Plaintiff's class definition is limited to California residents. (Ex. A ¶¶ 1, 22.)

13. Thus, based on Plaintiff's own allegations, it is apparent that Plaintiff is a citizen of California for purposes of diversity jurisdiction, and that all putative class members would be California citizens as well. Plaintiff does not allege any alternative state of citizenship.

### 2. Defendant Is Not A Citizen of California.

14. A corporation is a citizen of the state where (i) it has been incorporated; and (ii) its principal place of business is located. 28 U.S.C. § 1332(c). The principal place of business for a corporation is determined by the location of its "nerve center," which includes the location of its headquarters and the location where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010).

DEFENDANT VITAMIN SHOPPE, INC.'S NOTICE OF REMOVAL

15. Plaintiff alleges that Defendant is incorporated in and existing under the laws of the State of Delaware. (Exh. A ¶ 13.) Defendant confirms that this allegation is correct. (Declaration of Carlos Lopez ("Lopez Decl.") ¶ 3.)

16. Plaintiff also alleges that Defendant's principal place of business is in Secaucus, New Jersey. (Exh. A ¶ 13.) Defendant confirms that this allegation is correct. (Lopez Decl. ¶ 4.)

17. Defendant is not now, nor ever has been, a citizen and/or resident of the state of California within the meaning of citizenship and/or residency relating to the removal of class actions. (Lopez Decl. ¶ 5.) 28 U.S.C. § 1332(c)(1); *Hertz,* 559 U.S. at 97. Thus, Defendant is not a citizen of California for the purposes of determining diversity.

18. As set forth above, by Plaintiff's own admission, all members of the putative class would be citizens of a different state than Defendant (Ex. ¶¶ 1, 22) and, thus, the minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

**B.    The Size of the Proposed Class Exceeds One Hundred (100) Members.**

19. According to the Complaint, the proposed class includes "all persons within California that, within the applicable statute of limitations period up to and including entry of judgment in this matter, purchased any product or service in response to an offer constituting an 'Automatic Renewal' as defined by § 1601(a) of the ARL from defendant Vitamin Shoppe, its predecessors, or its affiliates, via the website vitaminshoppe.com." (Ex. A ¶ 22.) Plaintiff also alleges that "[t]he members of the Class are so numerous that joinder of all members is impracticable." (Exh. A ¶ 24.) Plaintiff further alleges that she "is informed and believes [that] the Class includes hundreds of thousands of members." (Ex. A ¶ 24.)

20. Based on Plaintiff's own allegations, it is clear that the number of consumers who purchased products from Defendant through the Offers within the

applicable statute of limitations period far exceeds 100 persons.[1]  Defendant's own research confirms this. (Lopez Decl. ¶ 6.)

21. Accordingly, the putative class is well in excess of one hundred (100) persons in the aggregate as required under CAFA. 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount-In-Controversy Requirement Is Satisfied.

22. As specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co. LLC. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014).

23. Plaintiff defines the class as encompassing all California consumers who purchased products from Defendant through the Offers within the applicable statute of limitations period. (Exh. C, ¶ 90.)

24. Defendant's review of sales information on a California basis over the last four years demonstrates that the California sales for products purchased through the Offers during this time period, and the amount of funds for which the putative class seeks restitution, exceeds $5,000,000. (Lopez Decl. ¶ 6.)

25. Accordingly, CAFA's $5,000,000 amount-in-controversy is satisfied. *Nelson v. BIC USA, Inc.*, 2008 WL 906049, at *4 (S.D. Cal. Apr. 1, 2008); *Goddard v. Google Inc.*, 2008 WL 4542792, at *2-3 (N.D. Cal. Oct. 10, 2008).

### D. Plaintiff's Complaint Also Seeks the Recovery of Attorneys' Fees.

26. Attorneys' fees are properly included in determining the amount in controversy. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) (holding that "the amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees").

---

[1] All of Plaintiff's purported claims are brought under California's Unfair Competition Law, Business & Professions Code Section 17200, *et. seq.* ("UCL"). In turn, "[a]ny action to enforce any cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208.

27. Plaintiff includes requests for attorneys' fees in its Complaint. (Exh. A, ¶ 3 and Prayer for Relief ¶ (I).)

28. The Ninth Circuit has recognized a "25% [] benchmark award for attorney fees." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998).

29. The inclusion of attorneys' fees is unnecessary for purposes of determining the amount in controversy in this action, because, as discussed above, Plaintiff's alleged causes of action alone, without the inclusion of attorneys' fees, well exceeds the CAFA removal requirements. However, in any event, any calculation of attorneys' fees on a putative California class would only add to the amount in controversy.

**IV.     NONE OF THE EXCEPTIONS TO CAFA JURISDICTION APPLY**

30. Although CAFA contains certain exceptions, none apply here:

    A. Under 28 U.S.C. § 1332(d)(4)[2], CAFA does not extend federal diversity jurisdiction to class actions in which more than two-thirds of the members of the proposed class are citizens of the State in which the action was originally filed, at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the asserted claims is a citizen of the State in which the action was originally filed, and the principal injuries occurred in the State in which the action was originally filed. Here, the sole Defendant from whom relief is sought is not a citizen of the State of California. Accordingly, the provisions of 28 U.S.C. § 1332(d)(4) do not preclude the exercise of federal jurisdiction.

---

[2] Plaintiff bears the burden of establishing that the "local controversy" exception applies. *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016); *Serrano v. 180 Connect, Inc.,* 478 F3d 1018, 1024 (9th Cir. 2007).

|   |   |   |
|---|---|---|
| 1 | B. | Under 28 U.S.C. §§ 1332(d)(5), CAFA does not extend federal diversity jurisdiction to class actions in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" or "the number of members of all proposed plaintiff classes in the aggregate is less than 100." Here, Defendant is not a state, state official, or other governmental entity. Further, the putative class is alleged to be over 100 citizens. Accordingly, the provisions of 28 U.S.C. § 1332(d)(5) do not preclude the exercise of federal jurisdiction. |
| 11 | C. | Under 28 U.S.C. § 1332(d)(9), CAFA does not extend federal diversity jurisdiction to class actions involving solely (A) securities covered under the federal securities laws, (B) a corporation's internal affairs or governance, or (C) the "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(A)-(C). The allegations in Plaintiff's Complaint do not relate to such claims. Accordingly, the provisions of 28 U.S.C. § 1332(d)(9) do not preclude the exercise of federal jurisdiction. |

31. For the foregoing reasons, this action is removable pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

## V. DEFENDANT HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

32. Consent of other parties is not required for removal under CAFA's mass action jurisdiction. *See* 28 U.S.C. § 1453(b). Additionally, here there are no parties other than Plaintiff and removing Defendant.

33. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Central District of California

embraces the County of Los Angeles, in which the State Action is now pending. *See* 28 U.S.C. § 84(c)(2).

34. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendant, including the Summons and Complaint, is attached to the accompanying Taylor Declaration as Exhibits A and B.

35. Defendant is also serving a copy of this Notice of Removal on all adverse parties pursuant to 28 U.S.C. § 1446(d). A copy of the notice to all adverse parties and the state court is attached (without exhibits) as **Exhibit C** to the declaration of Brett N. Taylor.

Dated: March 4, 2019

COZEN O'CONNOR

By: _____
Amy B. Alderfer
Brett N. Taylor
Attorneys for Defendant
VITAMIN SHOPPE, INC.