# EXHIBIT A

Evan J. Smith, Esquire (SBN 242352)
Ryan P. Cardona, Esquire (SBN 302113)
BRODSKY & SMITH, LLC
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 28 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| EMA BELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VITAMIN SHOPPE, INC. a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: **19STCV02493**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200 et seq.)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ema Bell ("Plaintiff"), by and through her attorneys, alleges the following based upon personal knowledge as to her own acts, and upon information and belief and her attorneys' investigation as to all other facts.

1. Plaintiff, on behalf of herself and on behalf of a Class (defined herein) of California citizens who purchased subscriptions for products (such as vitamins and supplements) from defendant Vitamin Shoppe, Inc. ("Vitamin Shoppe" or "Defendant"), brings this class action complaint for violations of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq. (the "UCL") based upon Defendant's violations of California's Automatic Renewal Law, Bus & Prof. Code §§ 17600 et seq. (the "ARL"). The Class includes all California citizens who purchased product subscriptions from Vitamin Shoppe within the applicable statute of limitations period up to and include the date of judgment in this action (the "Relevant Period"). Plaintiff and Class members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600 - 17606.

- 1 -
COMPLAINT

2. During the Relevant Period, Vitamin Shoppe made automatic renewal or continuous service offers to consumers in California and (i) at the time of making the automatic renewal or continuous service offers, failed to present the terms of said offers in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(1); (ii) charged Plaintiff's and Class member's credit or debit cards, or third-party account (the "Payment Method(s)") without first obtaining Plaintiff's and Class members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code § 17602(a)(2); and (iii) failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3), 17602(b). As a result of such violations by Vitamin Shoppe, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal or continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

3. Plaintiff, on behalf of herself and the Class, seeks, restitution, declaratory relief, injunctive relief, reasonable attorneys' fees, and any other relief that this Court deems necessary, just, proper, and appropriate pursuant to Cal. Bus. & Prof. Code, §§ 1603, 17203, 17204, and Cal. Code. Civ. Pro. § 1021.5.

## STATUTORY BACKGROUND

4. As of December 1, 2010, the ARL has been in effect in California. The Legislature's stated intent for enacting the ARL was "to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600.

5. The ARL makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in California to do any of the following:

> (a) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner

before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer. If the offer also includes a free gift or trial, the offer shall include a clear and conspicuous explanation of the price that will be charged after the trial ends or the manner in which the subscription or purchasing agreement pricing will change upon conclusion of the trial;

(b) Charge the consumer's credit or debit card, or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time; or

(c) Fail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the automatic renewal offer or continuous service offer includes a free gift or trial, the business shall also disclose in the acknowledgment how to cancel, and allow the consumer to cancel, the automatic renewal or continuous service before the consumer pays for the goods or services.

*See*, Cal. Bus. & Prof. Code § 17602(a).

6. The ARL defines the term "Automatic Renewal" as "a plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term." *See*, Cal. Bus. & Prof. Code § 17601(a).

7. The ARL defines the term "Automatic renewal offer terms" as the "following clear and conspicuous disclosures":

(a) That the subscription or purchasing agreement will continue until the consumer cancels;

(b) The description of the cancellation policy that applies to the offer;

(c) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known;

- 3 -
COMPLAINT

  (d) The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and

  (e) The minimum purchase obligation, if any.

See, Cal. Bus. & Prof. Code § 17601(b).

8. The ARL defines "clear and conspicuous" or "clearly and conspicuously" to mean, "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." See, Cal. Bus. & Prof. Code § 17601(c).

9. The ARL mandates that such services shall be made readily cancellable by consumers, specifically stating, "A business that makes an automatic renewal offer or continuous service offer shall provide a toll-free telephone number, electronic mail address, a postal address if the seller directly bills the consumer, or it shall provide another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)." See, Cal. Bus. & Prof. Code §17602(b).

10. Furthermore, the ARL mandates that, "In addition to the requirements of subdivision (b), a consumer who accepts an automatic renewal or continuous service offer online shall be allowed to terminate the automatic renewal or continuous service exclusively online, which may include a termination email formatted and provided by the business that a consumer can send to the business without additional information." See, Cal. Bus. & Prof. Code § 17602(c).

11. Pursuant to § 17603 of Cal. Bus. & Prof. Code, "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumers affirmative consent as described in § 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business,

including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

## PARTIES AND STANDING

12. Plaintiff is a citizen of California and is domiciled in Los Angeles, CA. Plaintiff purchased a subscription plan from Vitamin Shoppe in California during the Relevant Period. Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

13. Plaintiff is informed and believes, and thereon alleges, that defendant Vitamin Shoppe is a Delaware corporation with its principle place of business located in Secaucus, New Jersey. Plaintiff is informed and believes, and thereon alleges, that Vitamin Shoppe owns and operates retail locations in California, and has operated such locations throughout the Relevant Period. Vitamin Shoppe also provides to the public vitaminshoppe.com, and has done so throughout the Relevant Period. Vitaminshoppe.com provides access to the array of products and services offered at, and/or by Vitamin Shoppe. During the Relevant Period Vitamin Shoppe made, and continues to make, automatic renewal or continuous service offers to consumers in California. Vitamin Shoppe's automatic renewal and/or continuous service plan is marketed and known as "SPARK AUTO DELIVERY".

14. At all relevant times, each and every defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Vitamin Shoppe and DOE Defendants will hereafter collectively be referred to as "Defendant").

15. The true name and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business in the State of California, County of Los Angeles, and Defendant's offending website is available across California.

17. Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper in this Court because a substantial portion of the misconduct alleged herein occurred in the County of Los Angeles.

## CLASS ACTION ALLEGATIONS

18. Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court. Cal. Civ. Proc. Code § 382. The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class. *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

19. Class actions are especially valuable in a context such as this one, in which individual relief may be modest. It is well settled that a plaintiff need not prove the merits of the action at the class certification stage.

20. Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

> As the focus in a certification dispute is on what types of questions common or individual are likely to arise in the action, rather than on the merits of the case, in determining whether there is substantial evidence to support a trial court's certification order, we consider whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.

*Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

21. In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the

controversy. *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

22. Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated. The Class consists of all persons within California that, within the applicable statute of limitations period up to and including entry of judgment in this matter, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 1601(a) of the ARL from defendant Vitamin Shoppe, its predecessors, or its affiliates, via the website vitaminshoppe.com (the Class).

23. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter.

24. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members. According to a July 3, 2018 Vitamin Shoppe press release titled, *The Vitamin Shoppe Debuts Redesigned Healthy Awards® Program Offering Customers More Rewards and Flexibility than Ever Before*, Vitamin Shoppe has "more than six million members." Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

25. Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

> (a) Whether during the Relevant Period Vitamin Shoppe failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(1);

COMPLAINT

(b) Whether during the Relevant Period Vitamin Shoppe charged Plaintiff's and Class Members' Payment Method(s) for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members' affirmative consent to the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof Code § 17602(a)(2);

(c) Whether during the Relevant Period Vitamin Shoppe failed to provide an acknowledgment that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

(d) Whether during the Relevant Period Vitamin Shoppe failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b);

(e) Whether Plaintiff and Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Vitamin Shoppe are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code § 17603;

(f) Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

(g) Whether Plaintiff and Class Members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203;

(h) Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

26. Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of Defendant's conduct or omissions in violation of state law as complained of herein. Plaintiff, like all other members of the Class, claims that Defendant has violated state law by violating the ARL and UCL by, *inter alia* at the time of making an automatic renewal/continuous service offer, (i) failing to present the terms of said offers in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(1); (ii) charging Plaintiff's and Class member's Payment Method(s) without first obtaining Plaintiff's and Class members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in

violation of Cal. Bus. & Prof. Code § 17602(a)(2); and (iii) failing to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3), 17602(b).

27. Plaintiff will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

29. There will be no difficulty in the management of this action as a class action. Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits by disabled people across the California. There are no obstacles to effective and efficient management of the lawsuit as a class action.

## RELEVANT FACTUAL BACKGROUND

### Vitamin Shoppe's Business

30. Vitamin Shoppe offers, at its website, found at vitaminshoppe.com, subscriptions for the continuing delivery of vitamin, supplement, and related product via SPARK AUTO DELIVERY. SPARK AUTO DELIVERY constitutes an automatic renewal and/or continuous service plan or arrangement pursuant to the ARL. Cal. Bus. & Prof. Code § 17601(a).

### Plaintiff's Subscription

31. On September 12, 2018, Plaintiff visited Defendant's website, vitaminshoppe.com, and purchased *Nature's Way, ALIVE! Women's Gummy Vitamins (75 Gummies)* (the

"Product(s)"). Plaintiff's credit card incurred a $31.10 charge[1] (inclusive of shipping and taxes) for the purchase of the Products.

32. On or about September 14, 2018, the Products were delivered.

33. Thereafter, on October 9 thru and including October 12, 2018, Plaintiff received three (3) emails from Defendant. The first email ("Email 1") indicated that Vitamin Shoppe was "working on [her] order right now!" and that her credit card would incur a $29.54[2] charge when the Products ship. The second email ("Email 2") indicated that her order would be processed on: Fri 12 October 2018." The third email ("Email 3") indicated that "[Her] order ha[d] shipped!"

34. On or about October 14, 2018, the Products were delivered.

35. Over the next three (3) months, thru and including the month of January 2019, on or about the 9th thru the 12th day of each month, Plaintiff would receive Email(s) 1, 2, and 3. The substance of Email(s) 1, 2, and 3 would not change, only the date that Email 1, 2, and/or 3 was sent/received.

36. From November 2018 thru January 2019, the Products continued to be delivered on or about the 14th day of each month.

37. After the October 14, 2018 Product delivery, Plaintiff no longer wanted to purchase the vitamins from the Defendant. However, Plaintiff did not cancel the shipments of vitamins because of Defendant's violations of the ARL. As a result, Plaintiff incurred monthly charges of approximately $30 for Product she did not wish to receive.

**ARL VIOLATION 1 - VitaminShoppe.com Fails to Disclose the Automatic Renewal Offer Terms in a Clear and Conspicuous Manner in Violation of Cal. Bus. & Prof. Code § 17601**

38. Vitamin Shoppe is required to "clearly and conspicuously" disclose the "automatic renewal offer terms" (the "AROT"). *See*, Cal. Bus. & Prof. Code § 17601. Throughout the Relevant Period, Vitamin Shoppe has failed to meet this requirement. Specifically, although

---

[1] The total purchase price for the Products was $35.15. However, Plaintiff received a 15% OFF promotional discount to the $26.98 purchase subtotal.

[2] Subtotal for the Products was $26.98, shipping was FREE, and tax was $29.54 for a total of $29.54.

VitaminShoppe.com has a heading/section titled "SPARK AUTO DELIVERY", a user will not find the AROT in this section. The AROT are not clearly and conspicuously disclosed because they can only be accessed via a hyperlink labeled simply as "FAQs". The FAQs hyperlink appears in the "SPARK AUTO DELIVERY" webpage and at the checkout screen.

### ARL VIOLATION 2 – VitaminShoppe.com Fails to Present the Automatic Renewal Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement is Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § 17602(a)(1)

39. Vitamin Shoppe is required to "clearly and conspicuously" disclose the AROT on the checkout screen. *See*, Cal. Bus. & Prof. Code § 17602(a)(1). Vitamin Shoppe does not do this. Again, at checkout, Vitamin Shoppe only provides the FAQs hyperlink. In order to properly comply with the terms of the ARL, Vitamin Shoppe should take the information contained in the AROT located on the page following the hyperlink and place it directly on the checkout screen.

### ARL VIOLATION 3 – VitaminShoppe.com Fails to Obtain Affirmative Consent to the Automatic Renewal Offer Terms Before the Subscription or Purchasing Agreement is Fulfilled and Charged to the Plaintiff and Other Consumers in Violation of Cal. Bus. & Prof. Code § 17602(a)(2)

40. Vitamin Shoppe is required to obtain the "consumer's affirmative consent to the agreement containing the automatic renewal offer terms", and must obtain such affirmative consent before charging the consumer's Payment Method.

41. "Affirmative consent" is an express act such as a check-box or similar button/mechanism that must be chosen/selected before the purchase order can be submitted/completed.[3]

---

[3] California courts have provided judicial guidance as to what constitues "affirmative consent" under the ARL. In both *eHarmony* and *Beachboy*, California courts have taken the position that affirmative consent under the ARL must be obtained through an "express act" by the consumer to consent to the terms of the automatic renewal contract. In the final judgment against Beachbody, the court held that "consent is obtained by an express act by the consumer through a check-box, signature, express consent button or other substantially similar mechanism that consumers must select to give their consent. This mechanism cannot relate to consent for anything other than the automatice renewal or continuous service offer terms." *People of the State of California v Beachbody LLC*, Case No. 55029222, Superior Court for the State of California, Los Angeles County (Aug. 24, 2017). Similarly, in the final judgment against eHarmony the court reiterated this position stating that "consent is obtained by an express act by the consumer through a check-box, signature, or other substantially similar mechanism that consumers must affirmatively select

42. Again, at checkout, Vitamin Shoppe only provides the FAQs hyperlink. Vitamin Shoppe fails to provide any check-box or similar mechanism to indicate that the consumer has reads, understood and has affirmatively consented to the AROT.

43. As a result, during the Relevant Period, prior to charging Plaintiff's and Class members' Payment Method(s), Defendant failed to obtain Plaintiff's and Class members' affirmative consent to the automatic renewal/continuous service offer terms as required by Cal. Bus. & Prof. Code § 17602(a)(2).

44. Because of Defendant's failure to gather affirmative consent to the automatic renewal terms, all goods, wares, merchandise, or products sent to Plaintiff and Class members under the automatic renewal/continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise or products.

**ARL VIOLATION 4 – Vitamin Shoppe Failed to Provide an Acknowledgment as Required by Cal. Bus. & Prof. Code § 17602(a)(3) and 17602(b)**

45. Furthermore, and in addition to the above, after Plaintiff and Class members subscribed to SPARK AUTO DELIVERY, Defendant sent to Plaintiff and Class members email follow-ups (Email(s) 1, 2, and 3) to their purchases, including email(s) entitled "Your Upcoming Auto Delivery Order," "Thank You For Your Vitamin Shoppe Order," and "Your Order Has Shipped," but has failed, and continues to fail, to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by Plaintiff and Class members in violation of Cal. Bus. & Prof. Code § 17602(a)(3), and 17602(b).

---

or sign to accept the AUTOMATIC RENEWAL OFFER TERMS and no other part of the transaction." *People of the State of California v eHarmony Inc.*, Case No. 17-cv-03314, Superior Court for the State of California, County of Santa Cruz (Jan. 8, 2018).

- 12 -
COMPLAINT

## FIRST CAUSE OF ACTION

**Violation of the Unfair Competition Law – (Cal. Bus. & Prof. Code § 17200 et seq.)**

46. Plaintiff incorporates by reference the above allegations set forth in the Complaint as if fully set forth herein.

47. The UCL prohibits unfair competition in the form of any "unlawful, unfair or fraudulent business act or practice." *See*, Cal. Bus. & Prof. Code § 17200.

48. The UCL permits "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. This civil action may be brought individually or on behalf of the injured individual and all others similarly situated who are affected by the unlawful and/or unfair business practice or act. *See*, Cal. Bus. & Prof. Code § 17204.

49. Since September 12, 2018, and continuing through and including the Relevant Period, Vitamin Shoppe has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating the ARL, specifically, Cal. Bus. & Prof. Code §§ 17602(a)(1)-(3) and 17602(b). The public policy underlying a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision. *See*, Cal. Bus. & Prof. Code §§ 17600, 17602. In addition, besides offending an established public policy, Defendant's act or practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Further, the utility of Defendant's conduct is outweighed by the gravity of the harm to Plaintiff and Class members.

50. Plaintiff has standing to pursue this claim because she suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein. Plaintiff purchased Vitamin Shoppe's Products for personal and/or family purposes/use.

51. As a direct and proximate result of Defendant's unlawful and/or unfair business acts or practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class members in the form of payments made for automatic renewal agreements by Plaintiff and Class members. Defendant has profited from its unlawful and/or unfair business acts or practices in the amount of those business expenses and interest accrued thereon.

52. Plaintiff and similarly-situated Class members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from September 12, 2018, to the date of such restitution at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class members, from whom they were unlawfully taken.

53. Plaintiff and similarly situated Class members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

54. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and others similarly situated. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure § 1021.5.

55. Plaintiff, on behalf of herself and Class members, requests relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following relief:

A. That this Court Order a preliminary and permanent injunction enjoining Defendant from violating the UCL, Bus. & Prof. Code §§ 17200 et seq. and the ARL §§ 17600 et seq.;

B. That this Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(1) by failing to present the automatic renewal offer terms in a clear and conspicuous manner and in the visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled;

C. That this Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff's and Class

Members' Payment Method without first obtaining their affirmative consent to the automatic renewal offer terms or continuous service terms;

D.  That this Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgment that includes the automatic renewal or continuous service offer terms and cancellation policy;

E.  That this Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation;

F.  That this Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 1702;

G.  That the Court award to Plaintiff and Class members full restitution due to Defendant's UCL violations and finds pursuant to Cal. Bus. & Prof. Code §§ 17200 – 17205; that all goods, wares, merchandise, or products sent to Plaintiff and Class members under the automatic renewal/continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise or products.in the amount of their subscription agreement payments;

H.  That this Court Order a preliminary and permanent injunction requiring Defendant to take the steps necessary to bring vitaminshoppe.com into compliance with the ARL;

I. That this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

J. That this Court awards such other and further relief as it deems necessary, just, proper, and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: January 28, 2019         BRODSKY & SMITH, LLC

By: _____
Evan J. Smith (SBN242352)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone:  (877) 534-2590
Facsimile:   (310) 247-0160

*Attorneys for Plaintiff*